**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GERALD CARROL CLARK, JR.,     :
     :
     Petitioner     :
     :     **CIVIL NO. 3:17-CV-1277**
     v.     :
     :     **(Judge Caputo)**
ERIC TICE, *et al.,*     :
     :
     Respondents     :


**M E M O R A N D U M**

Petitioner, Gerald Carrol Clark, Jr., a former Pennsylvania state inmate,[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction for failing to comply with the registration requirements for out-of-state sex offenders living in Pennsylvania, 18 Pa. Cons. Stat. Ann. § 4915.1(a)(1).  (ECF No. 1.) Respondent argues in favor of dismissal of the Petition as Mr. Clark was not "in custody" pursuant to his 2008 conviction when he filed his Petition and because it is untimely. (ECF No. 13.)  For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction because Mr. Clark does not meet the "in custody" requirement under 28 U.S.C. § 2254(a).

---

[1] Mr. Clark is not presently under the jurisdiction of the Pennsylvania Department of Corrections (DOC).  *See http://inmatelocator.cor.pa.gov/#/* (last visited Nov. 18, 2019).  He has not provided the Court with a current address.

## I.     Relevant Procedural History

On October 27, 2004, Mr. Clark plead guilty in the Circuit Court for Carroll County, Westminster, Maryland to a third-degree sexual offense, and received a 6-year prison term (suspended), 5-years' unsupervised probation, 1-year of home confinement and life-time registration under Maryland's version of Megan's Law.   At the time Mr. Clark was employed in Maryland and registered with the Maryland State Police.   Additionally, because he lived in Adams County, Pennsylvania, he also registered with the Pennsylvania State Police (PSP).  (ECF No. 1 at 6-7 and ECF No. 13 at 43.)  In January 2007, the PSP notified Mr. Clark of his obligation to notify the PSP of any change of address, or employment, including termination within 48 hours.  (ECF No. 13 at 31-33.)  In July 2007, police authorities learned Mr. Clark had been unemployed since April 2007. (*Id.* at 33.)

On May 5, 2008, following a bench trial in the Court of Common Pleas of Adams County, Pennsylvania, Mr. Clark was found guilty of failing to comply with the registration of the sexual offenders' requirements set forth in 18 Pa. Cons. Stat. Ann. § 4915(a)(1). On October 21, 2008, the trial court sentenced Mr. Clark to 30 days to 1-year incarceration, followed by 1-year of consecutive probation, and $200.00 fine.  (ECF No. 13-1 at 10 - 13.)  Mr. Clark filed a timely direct appeal.  (*Id.* at 24, *Commonwealth v. Clark*, CP-01-CR-0001003-2007 (Adams Cty. Ct. Com. Pl.) (docket sheet)).   On December 8, 2009, the Pennsylvania Superior Court affirmed Mr. Clark's judgment of sentence.  *See Commonwealth v. Clark*, 990 A.2d 39 (Pa. Super. 2009),[2] *appeal denied*, 13 A.3d 474

---

[2] The Court takes judicial notice of the electronic docket sheet in this matter, available to the public via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us/ (last visited Nov. 18, 2019).

(Pa. 2010). The Pennsylvania Supreme Court denied allocatur on November 17, 2010. *See Commonwealth v. Clark*, 608 Pa. 660, 13 A.3d 474 (Pa. 2010) (No. 9 MAL 1010, Table).[3] On January 28, 2011, Mr. Clark's application for reconsideration was denied by the Pennsylvania Supreme Court. (*Id.*)

The trial court stayed the execution of the judgment of sentence throughout the completion of Mr. Clark's direct appeal. (*Id.* at 24–26.) On February 28, 2011, the sentencing court directed Mr. Clark to report to the Adams County Prison on March 18, 2011 to commence serving his sentence. (ECF No. 13-1 at 27.) The sentencing court subsequently granted Mr. Clark's request for parole effective April 20, 2011. (*Id.*) On March 27, 2013, the sentencing court entered an order noting Mr. Clark's completion of his sentence and probation. (*Id.* at 30 and ECF No. 1 at 20.)

Mr. Clark filed a petition for post-conviction collateral relief on April 7, 2016, pursuant to the Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. ANN. § 9545, *et seq.* (ECF No. 13-1 at 31.) He filed a second petition on May 16, 2016. (*Id.*) On April 13, 2016, without appointing Mr. Clark counsel, the sentencing court issued a notice of its intent to dismiss the PCRA petition based on Mr. Clark's ineligibility for relief as he was no longer serving a sentence of imprisonment or probation on the sentence he was challenging and because the petition was untimely. (ECF No. 1 at 13.) On June 3, 2016, the court dismissed Mr. Clark's PCRA petition without hearing.

> [T]he Defendant is ineligible for relief as he is currently not serving a sentence of imprisonment, probation, or parole for the crime upon which he was convicted. *See* 42 Pa. C.S.A. § 9543. Additionally, the Petitions have not been filed within one year of the date of final judgment and therefore the Court

---

[3] The Court takes judicial notice of the electronic docket sheet in this matter, available to the public via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us/ (last visited Nov. 18, 2019).

lacks jurisdiction to consider the Petitions pursuant to 42 Pa C.S.A. § 9545(b). Finally, the Court notes the claim that the sentence is illegal pursuant to *Commonwealth v. Gordon*, 992 A.2d 204 (Pa. Super. 2010), is meritless as Defendant was convicted of failing to comply with the registration requirements under former 42 Pa. C.S.A. § 9795.1(a). *Commonwealth v. Gordon* addresses those required to register under former [42 Pa. C.S.A. § 9]795.1(b)(4).

(*Id.* at 12.) Mr. Clark filed an appeal.[4] On December 22, 2016, the Superior Court affirmed that Mr. Clark was ineligible for relief as his sentence had expired. *See* ECF No. 1 at 19-21; *see also Commonwealth v. Clark*, No. 953 MDA 2016, 2016 WL 7406862 (Dec. 22, 2016). The Supreme Court of Pennsylvania denied Mr. Clark's petition for allowance of appeal on July 6, 2017. *See Commonwealth v. Clark*, 642 Pa. 28, 169 A.3d 1031 (Pa. 2017)(Table).

Pursuant to the mailbox rule,[5] the Court deems Mr. Clark's habeas Petition filed on July 17, 2017. (ECF No. 1.) When he filed his Petition, Mr. Clark was incarcerated pursuant to a 2014 negotiated guilty plea agreement for failing to register with the PSP and indecent assault of a person less than 13 years of age. *See Commonwealth v. Clark*, CP-01-CR-0001094-2013 (Adams Cty. Ct. Com. Pl.)[6]

---

[4] The Court takes judicial notice of the electronic docket sheet in this matter, available to the public via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us/ (last visited Nov. 19, 2019).

[5] The "prisoner mailbox rule" dictates that the filings of *pro se* prisoners are deemed filed on the date deposited in the prison mailbox or given to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[6] The Court takes judicial notice of the electronic docket sheet in this matter, available to the public via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us/ (last visited Nov. 19, 2019).

## II.    Discussion

The federal writ of habeas corpus is only available to persons "in custody" for the conviction or sentence under attack at the time the petition is filed.  *See* 28 U.S.C. § 2254(a) (2019); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).  This requirement is jurisdictional.  *See Piasecki v. Court of Common Pleas*, 917 F.3d 161, 165-66 (3d Cir. 2019), *cert. denied*, No. 18-1490, 2019 WL 5686456 (Nov. 4, 2019).    Where a federal habeas prisoner is in custody for multiple offenses, he or she "can be in custody for one but not the other."   *Orie v. Sec'y Pa. Dep't of Corr.*, 940 F.3d 845, 850 (3d Cir. 2019).   Thus, a district court must determine whether the petitioner is "in custody" pursuant to the conviction he or she seeks to challenge.

To satisfy the "in custody" requirement, a petitioner must be "'in custody' under the conviction or sentence under attack at the time [the] petition is filed."  *Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925.  The custody requirement does not require that a petitioner be physically confined, *id.* at 490, 109 S.Ct. at 1925, but it does require that he or she "suffers from a 'non-negligible restraint on [her] physical liberty' because of a particular conviction."   *Orie,* 940 F.3d at 850 (quoting *Piasecki*, 917 F.3d at 166.)   It is well-established that a petitioner satisfies the "in custody" requirement if incarcerated, on parole, probation, or subject to outstanding community service obligations, when filing a petition for writ of federal habeas challenging the conviction or sentence that imposed the penalty.   *See Jones v. Cunningham*, 371 U.S. 236, 242-43, 83 S.Ct. 373, 376-77, 9 L.Ed.2d 285 (1963) (conditions and restrictions on parolee involved "significant restraints" on parolee's liberty to constitute "custody"); *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (the "in custody" requirement is satisfied if petitioner is on probation); *Barry v. Bergen Cty. Probation Dept.*, 128 F.3d 152 (3d Cir. 1997) (community service obligations

satisfied "custody" requirement to support habeas corpus jurisdiction).  However, "fines, restitution orders, and other monetary penalties are insufficient to meet the 'in custody' requirement."  *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015).

The United States Supreme Court has "never held … that a petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."  *Maleng*, 490 U.S. at 491, 109 S.Ct. at 1925 (emphasis in original).  Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it."  *Id.*, 490 U.S. at 492, 109 S.Ct. at 1926.  The fact that a conviction used to enhance a subsequent criminal sentence may not generally be used to "challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S. 394, 404, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001).

When examining the various reporting and notification requirements of sex offenders, the Third Circuit Court of Appeals, unlike other circuits, has held that the conditions imposed by Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa. Cons. Stat. Ann. § 9799.10, *et seq.*, were "sufficiently restrictive to constitute custody".[7]  *Piasecki*, 917 F.3d at 170.   The Third Circuit Court of Appeals has held that a Pennsylvania sex offender's post-incarceration SORNA reporting requirement meets the "custody" requirement for federal habeas purposes to challenge the state court

---

[7] "We recognize that several of our sister circuit courts of appeals have found that various sex offender registration schemes were not sufficiently restrictive to constitute 'custody.'"  *Piasecki*, 917 F.3d at 171.

judgment that imposed the registration requirement as part of his judgment of sentence. *Id*. at 173-76.

Here, it is important to highlight that Mr. Clark is challenging his 2008 Adams County Court of Common Pleas conviction for failing to comply with the registration of the out of state sexual offenders and not his 2004 Maryland conviction which imposed the reporting requirements. The Adams County Court sentenced Mr. Clark to 30 days to 1-year incarceration, followed by 1-year of consecutive probation, and $200.00 fine. (ECF No. 13-1 at 10 - 13.) It is undisputed that Mr. Clark's 2008 Adams County sentence expired April 2013 when he completed his term of post-incarceration probation. It is also undisputed that he was not incarcerated because of his 2008 Adams County conviction when he filed the present habeas matter. Accordingly, Mr. Clark was not "in custody" for the purpose of challenging his 2008 Adams County conviction when he filed the instant petition. *See Orie,* 940 F.3d at 850-51.

### III.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). In the instant matter, jurists of reason would not find the disposition of Mr. Clark's petition debatable as

he was not in custody pursuant to the 2008 Adams County conviction when he filed his July 2017 petition for a writ of habeas corpus. As such, the court will not issue a certificate of appealability in this case.

## V.     Conclusion

For the reasons set forth above, the Court lacks jurisdiction to entertain Mr. Clark's petition for writ of habeas corpus challenging his 2008 Adams County conviction. As this finding is dispositive, the Court need not address Respondent's timeliness challenge to the Petition. Accordingly, the Petition will be dismissed. A certificate of appealability will not issue.

An appropriate Order follows.

 **Date:  November 19, 2019**                    /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**